**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN<br><br>Plaintiffs,<br><br>v.<br><br>B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., SOUTHEASTERN PROPERTIES MANAGEMENT, INC. AND LYNNE ROTAN<br><br>Defendants. | Civil Action No. 04-1499 |

ANSWER OF SOUTHEASTERN PROPERTY MANAGEMENT, INC.

Defendant Southeastern Property Management, Inc. ("Southeastern"), by and through its undersigned counsel, answers the Complaint in the above-styled action, and admits, denies and states as follows:

1.  Paragraph 1 is Plaintiffs' identification of a party purporting to seek relief through this action, and thus requires no answer from Defendant Southeastern. To the extent any answer is required, Defendant denies the allegations.

2.  Paragraph 2 is Plaintiffs' identification of a party purporting to seek relief through this action, and thus requires no answer from Defendant Southeastern. To the extent any answer is required, Defendant denies the allegations.

3.  Answering Paragraph 3, on information and belief, Defendant B'nai B'rith Senior Housing, Inc. is a Delaware corporation having its corporate offices at 8000 Society Drive, Claymont, DE. The remaining allegations of Paragraph 3 are denied.

4.  Answering Paragraph 4, Defendant Southeastern Property Management, Inc. is an Alabama corporation having its corporate offices at 1103 21st Street South, Birmingham, Alabama 35205. Defendant is not a subsidiary of, nor is it owned, in whole

or in part, or controlled, by Defendant B'nai B'rith House Senior Housing, Inc. The remaining allegations of Paragraph 4 are denied. By way of further answer, Defendant Southeastern states that it transacts no business in Delaware and has no contacts with Delaware that would properly subject it to the personal jurisdiction of this Court. Defendant Southeastern also was not properly served with process in accordance with applicable Federal Rules.

5. Answering Paragraph 5, Defendant Southeastern denies the allegations.

6. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same.

7. Answering Paragraph 7, Defendant Southeastern admits that Defendant Rotan is employed by Defendant B'nai B'rith. Defendant Rotan is not an agent, servant or employee of Defendant Southeastern and thus the remaining allegations of Paragraph 7 are denied.

8. Paragraph 8 is Plaintiffs' statement of the subject matter jurisdiction of this Court, and thus requires no answer from Defendant Southeastern. To the extent any answer is required, Defendant Southeastern admits this Court has subject matter jurisdiction over this matter, and denies any remaining allegations.

9. Paragraph 9 is Plaintiffs' statement of the subject matter jurisdiction of this Court, and thus requires no answer from Defendant Southeastern. To the extent any answer is required, Defendant Southeastern admits this Court has subject matter jurisdiction over this matter, and denies any remaining allegations.

10.	Paragraph 10 is Plaintiffs' statement of venue for this action, and thus requires no answer from Defendant Southeastern. To the extent any answer is required, Defendant Southeastern denies the allegations of Paragraph 10 and denies that venue is proper as to it because it transacts no business in Delaware and has no contacts with Delaware.

11.	Answering the first Paragraph 11, on information and belief, Defendant Southeastern admits that the Delaware Division of Human Relations (DHR), after completing its investigation, found no reasonable cause to believe that Defendants B'nai B'rith or Lynne Rotan discriminated against Plaintiffs.

12.	Answering the first Paragraph 12, on information and belief, Defendant Southeastern admits the allegations.

13.	The second Paragraph 11 is Plaintiffs' statement of the law and thus requires no answer from Defendant Southeastern. To the extent any answer is required, on information and belief, Defendant Southeastern admits that all statutory prerequisites have been met.

14.	Answering the second Paragraph 12, Defendant Southeastern denies that it owns or operates the subject facility and that Defendant Lynne Rotan is an agent, servant or employee of Defendant Southeastern. The remaining allegations of the second Paragraph 12 are denied.

15.	Answering Paragraph 13, on information and belief, Defendant Southeastern admits the allegations.

16.	Answering Paragraph 14, on information and belief, Defendant Southeastern admits the allegations.

17. Answering Paragraph 15, on information and belief, Defendant Southeastern admits the allegations.

18. Answering Paragraph 16, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

19. Answering Paragraph 17, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

20. Answering Paragraph 18, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

21. Answering Paragraph 19, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

22. Answering Paragraph 20, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

23. Answering Paragraph 21, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

24. Answering Paragraph 22, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

25.     Answering Paragraph 23, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

26.     Answering Paragraph 24, Defendant Southeastern denies that Defendant Lynne Rotan is an agent, servant or employee of Defendant Southeastern. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

27.     Answering Paragraph 25, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

28.     Answering Paragraph 26, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

29.     Answering Paragraph 27, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

30.     Answering Paragraph 28, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

31.     Answering Paragraph 29, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

32. Answering Paragraph 30, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

33. Answering Paragraph 31, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

34. Answering Paragraph 32, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

35. Answering Paragraph 33, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

36. Answering Paragraph 34, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

37. Answering Paragraph 35, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

38. Answering Paragraph 36, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

39.     Answering Paragraph 37, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

40.     Answering Paragraph 38, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

41.     Answering Paragraph 39, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

42.     Answering Paragraph 40, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

43.     Answering Paragraph 41, Defendant Southeastern denies that Defendant Rotan is an agent, servant or employee of Defendant Southeastern.  Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

44.     Answering Paragraph 42, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

45.     Answering Paragraph 43, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

46. Answering Paragraph 44, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

47. Answering Paragraph 45, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

48. Answering Paragraph 46, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

49. Answering Paragraph 47, Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

50. Answering Paragraph 48, Defendant Southeastern hereby incorporates by reference its answers to Paragraphs 1 through 49.

51. Answering Paragraph 49, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

52. Answering Paragraph 50, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

53. Answering Paragraph 51, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

54. Answering Paragraph 52, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

55. Answering Paragraph 53, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

56. Answering Paragraph 54, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

57. Answering Paragraph 55, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

58. Answering Paragraph 56, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs.

Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

59.  Answering Paragraph 57, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

60.  Answering Paragraph 58, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

61.  Answering Paragraph 59, Defendant Southeastern hereby incorporates by reference their answers to Paragraphs 1 through 60.

62.  Answering Paragraph 60, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

63.  Answering Paragraph 61, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs. Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

64.  Answering Paragraph 62, Defendant Southeastern denies the allegation that it discriminated against Plaintiffs or selectively enforced rules against Plaintiffs.

Defendant Southeastern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

65. As to the Prayer for Relief, Defendant denies that Plaintiffs are entitled to any relief from Defendant Southeastern.

66. As to any allegation of the Complaint not heretofore admitted or denied, said allegation is denied.

## FIRST AFFIRMATIVE DEFENSE

67. The complaint should be dismissed against Defendant Southeastern because Plaintiffs have failed to state a claim against it upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

68. The complaint should be dismissed against Defendant Southeastern because the court lacks personal jurisdiction over it. Fed.R.Civ.P. 12(b)(2).

## THIRD AFFIRMATIVE DEFENSE

69. The complaint should be dismissed against Defendant Southeastern because venue is improper with respect to the claims alleged against Defendant Southeastern. Fed.R.Civ.P. 12(b)(3).

## FOURTH AFFIRMATIVE DEFENSE

70. The complaint should be dismissed against Defendant Southeastern because Plaintiffs have failed to serve their complaint in accordance with applicable Federal Rules. Fed.R.Civ.P. 12(b)(4) and 12(b)(5).

## FIFTH AFFIRMATIVE DEFENSE

71. This action is barred in whole or in part by the applicable statute of limitations.

WHEREFORE, Defendant Southeastern prays

1. That Plaintiffs' Complaint be dismissed as to Defendant Southeastern;

2. That Plaintiffs take nothing by reason of their Complaint;

3. For reasonable attorneys' fees and costs herein; and

4. For such other relief as the Court may deem just and proper.


Dated: March 14, 2005                Respectfully Submitted,

                                     BUCHANAN INGERSOLL, P.C.



                                     By: */s/ Thad J. Bracegirdle*

                                     David E. Wilks (I.D. # 2793)
                                     Thad J. Bracegirdle (I.D. # 3691)
                                     The Nemours Building
                                     1007 North Orange Street, Suite 1110
                                     Wilmington, Delaware 19801
                                     Telephone: (302) 428-5500
                                     Fax: (302) 428-3996


                                     COUGHLIN & KITAY, P.C.

                                     Steven J. Edelstein
                                     3091 Holcomb Bridge Road, Suite A-1
                                     Norcross, GA  30071
                                     Telephone: (770) 840-8483 ext. 206
                                     Fax: (770) 840-9492
                                     *Admitted Pro Hac Vice*

                                     Attorneys for Defendant Southeastern Property
                                     Management, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing by depositing a copy of the document, postage prepaid, in the U.S. Mail, addressed as follows:

Jeffrey K. Martin, Esq.
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806-3015

Christopher A. Ferrara, Esq.
American Catholic Lawyers Assn., Inc.
420 Route 46 East, Suite 7
PO Box 10092
Fairfield, NJ 07004-9897


                                              */s/ Thad J. Bracegirdle*
                                              Thad J. Bracegirdle (I.D. #3691)


Date: March 14, 2005