IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISIDORE CORWIN and BONNIE CORWIN,<br><br>  Plaintiffs,<br><br>  v.<br><br>B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., SOUTHEASTERN PROPERTIES MANAGEMENT, INC. and LYNNE ROTAN,<br><br>  Defendants. | Civil Action No. 04-1499 (GMS) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**THEIR MOTION TO ENFORCE SETTLEMENT AGREEMENT**

In their December 8, 2005 Response to Defendants' Motion to Enforce Settlement Agreement, Plaintiffs admit the existence of the settlement agreement in issue,[1] admit that at the conclusion of the mediation conference all parties and their counsel had reached agreement on all settlement terms,[2] but then explain that, "in retrospect" they "realized they had agreed too soon." D.I. 39 at 1.  Notably, Plaintiffs do not challenge the authority of this Court to grant Defendants' motion, nor do they set forth any rational factual, legal or equitable reason why this Court should not grant Defendants' motion.

Instead, Plaintiffs argue that they were not adequately represented at the mediation conference.  Yet their baseless complaints about their counsel seem less about the substance of the representation they provided than with counsel's demeanor at the mediation conference.  To be sure, Plaintiffs expressed no dissatisfaction with their counsel until days after the mediation had ended.  *See* D.I. 39 at 3.  Nor did they express any dissent or disagreement with any of the

---

[1] A transcript of the agreement has been filed with the Court as Docket Item No. 36.

[2] That Plaintiffs agreed to each and every term of the agreement cannot be disputed. *See id.* at 21.

settlement terms. Rather, after the terms of the agreement had been dictated into the record at the conclusion of the mediation conference, each Plaintiff explicitly affirmed to everyone present, "I am satisfied [with the agreement]."[3] Equally as important, Plaintiffs have failed to explain why those precise terms cannot be enforced or how enforcement of those terms will unfairly disadvantage them. In short, Plaintiffs have presented to this Court no rational factual, legal or equitable ground which might justify nullification of the agreement. *See, e.g., Liberate Technologies LLC v. Worldgate Communications, Inc.*, 133 F.Supp.2d 357 (D.Del. 2001) (claims of inadequate representation and undue prejudice by the non-moving party rejected in light of the clear intention of the parties to settle all claims and the court's inherent authority to enforce settlement agreements).

While enforcing the agreement would not prejudice Plaintiffs, failing to enforce the agreement simply because Plaintiffs changed their minds after the agreement was finalized to everyone's satisfaction would prejudice Defendants. *See* Schlecker Declaration, attached hereto as Exhibit A. Equally as important, to set aside the agreement at this point would be tantamount to condoning what has now become Plaintiffs' unfortunate pattern of wasteful, abusive and capricious behavior. For these reasons, Defendants respectfully request that the Court enter an Order enforcing the settlement agreement.

---

[3] Ironically, it was Plaintiffs' unexpected and unjustified repudiation of an oral "conciliation agreement" reached in the administrative proceeding below that prompted Defendants to request that a transcript be made at the mediation conference with Magistrate Judge Thynge, precisely to prevent this from happening again. *See* Declaration of David A. Schlecker, attached hereto as Exhibit A. Although the Delaware Fair Housing Agency had no authority to enforce an unsigned conciliation agreement, this Court clearly does.

BUCHANAN INGERSOLL PC

*/s/ Thad J. Bracegirdle*
David E. Wilks (I.D. # 2793)
Thad J. Bracegirdle (I.D. # 3691)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone: (302) 428-5500

And

COUGHLIN, KITAY & EDELSTEIN, P.C.
Steven J. Edelstein
7742 Spalding Drive, Suite 478
Norcross, GA 30092
Office Telephone: (770) 840-8483 ext. 206
Fax: (770) 840-9492

Admitted Pro Hac Vice

Attorneys for Defendants B'nai B'rith Senior Citizen Housing, Inc., Lynne Rotan and Southeastern Property Management, Inc.

Dated: December 15, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 15, 2005, the foregoing Defendants' Reply Memorandum in Support of Their Motion to Enforce Settlement Agreement was served in the manner indicated upon the following parties and counsel of record:

**BY FIRST CLASS MAIL:**

Isidore Corwin and Bonnie Corwin
B'nai B'rith House
8608 Society Drive
Claymont, DE 19703

**BY ELECTRONIC SERVICE VIA CM/ECF:**

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806-3015

Christopher A. Ferrara, Esquire
American Catholic Lawyers Assn., Inc.
420 Route 46 East, Suite 7
Fairfield, NJ 07004-9897

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (I.D. # 3691)