# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN<br><br>Plaintiffs,<br><br>v.<br><br>B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., SOUTHEASTERN PROPERTIES MANAGEMENT, INC. AND LYNNE ROTAN<br><br>Defendants. | Civil Action No. 04-1499 (GMS) |

## DECLARATION OF DAVID A. SCHLECKER

I, DAVID A. SCHLECKER, being over the age of 18 and being fully competent to make this Declaration, do hereby declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following statements are true and correct to the best of my knowledge and belief:

1. I am president of the Board of Directors of B'nai B'rith Senior Citizen Housing, Inc., one of the defendants in this lawsuit, and authorized to make this Declaration on its behalf.

2. B'nai B'rith Senior Citizen Housing, Inc. operates B'nai B'rith House, the apartment building where Plaintiffs reside and the property that is the subject of this lawsuit.

3. Lynne Rotan, who manages the subject property and is also a Defendant in this lawsuit, is an employee of B'nai B'rith Senior Citizen Housing, Inc.

4. Ms Rotan and I, along with Plaintiffs Isidore and Bonnie Corwin and our respective counsel, were present at the November 23, 2005 mediation conference held before Magistrate Judge Thynge. At the conclusion of this conference, all parties and their counsel reached an agreement to amicably settle all outstanding claims.

Declaration of David Schlecker
Page 1 of 1

5. Immediately after the conference ended, acting in good faith reliance on the agreement that was reached, Ms. Rotan and I agreed that, as soon as possible, we would begin implementing the affirmative obligations to which we, and the plaintiffs, had agreed upon. The following day, such affirmative steps were begun.

6. A few days later I learned that plaintiffs were attempting to withdraw their consent to the above agreement. Unfortunately, this is not the first time that Plaintiffs have withdrawn their consent to a settlement, the terms of which they, and we, had agreed upon.

7. On May 17, 2004, Plaintiffs filed a housing discrimination complaint with the Delaware Division of Human Relations, State File No. NC-H-991-04, HUD File No. 03-04-0337-8. After a lengthy conference at state agency headquarters, where both Plaintiffs and Defendants were represented by counsel, all parties agreed to a "conciliation agreement" that would have settled all claims. Despite their explicit consent to that agreement, Plaintiffs refused to sign the agreement sent to them by the state fair housing agency. (Unfortunately, in contrast to the present case, there was no court reporter present to memorialize that agreement.)

8. Defendants have relied in good faith on the settlement agreement entered into among the parties and their counsel at the conclusion of the mediation conference. Plaintiffs' unjustified and legally deficient attempt to repudiate this agreement, coupled with their repudiation of the state agency agreement, is an abusive of this Court and one that has severely prejudiced Defendants who have had to incur additional costs and fees in an effort to enforce this agreement.

## DECLARATION UNDER 28 U.S.C. § 1746

I, David A. Schlecker, declare under penalty of perjury, that the foregoing factual assertions set forth above are true and correct.

This 12th day of December, 2005

*[signature]*

David A. Schlecker, Board President
B'nai B'rith Senior Citizen Housing, Inc.