**CLD-66**
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2362
_____

ISIDORE CORWIN; BONNIE CORWIN,
          Appellants

v.

B'NAI B'RITH SENIOR CITIZEN HOUSING, INC.,
a corporation doing business in the State of Delaware;
SOUTHEASTERN PROPERTIES MANAGEMENT, INC.,
a subsidiary of B'nai B'rith Senior housing, Inc.;
LYNNE ROTAN, an agent, servant or
employee of Southeastern Properties Management, Inc.
_____

On Appeal From the United States District Court
For the District of Delaware
(Dist. Delaware Civil No. 04-cv-01499)
District Judge: Honorable Gregory M. Sleet
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 30, 2006

Before: RENDELL, SMITH and COWEN, Circuit Judges.

(Filed: January 9, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Isidore and Bonnie Corwin, proceeding pro se, appeal an order of the United States District Court for the District of Delaware enforcing a settlement agreement that they entered into with B'Nai B'rith Senior Citizen Housing Inc., Southeastern Properties Management Inc., and Lynne Rotan (together, the "Housing Defendants"). For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Corwins live in the B'nai B'rith House, a senior citizens' apartment building owned, operated, and managed by the Housing Defendants. Through counsel, the Corwins filed a complaint in District Court against the Housing Defendants claiming violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Delaware Fair Housing Act, Del. Code Ann. tit. 6, § 4601 et seq., after the building manager required them to remove a crucifix from their balcony and removed or banned religious Christmas decorations from the building's common area.

On November 23, 2005, a mediation conference was held with a Magistrate Judge, and the parties agreed to the terms of a settlement agreement. Several days later, the Corwins notified their attorneys that they opposed the settlement. The Corwins' attorneys apparently disagreed with the Corwins' opposition to the settlement, causing the Corwins to terminate their representation and write the District Judge. The Housing Defendants then moved to enforce the settlement agreement. On January 25, 2006, the District Court held a status conference. The docket reflects that the parties again agreed to the terms of a settlement. The District Court ordered defense counsel to draft the agreement, plaintiffs to respond, and defense counsel to file a signed stipulation of dismissal with the

agreement.

Defense counsel sent the Corwins a draft settlement agreement, and the Corwins requested that certain changes be made. After several exchanges, the parties failed to enter into a signed agreement. The Housing Defendants filed a supplemental memorandum in support of their motion to enforce the settlement agreement. The District Court entered an Order Confirming Settlement which sets forth the settlement agreement. This appeal followed.

A settlement agreement, voluntarily entered into, is binding upon the parties. Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970). The Corwins concede that they agreed to the terms of a settlement agreement at the mediation conference with the Magistrate Judge. Although they subsequently objected to the settlement, the Corwins again agreed to a settlement at the status hearing before the District Judge. The Corwins do not argue that the District Court's Order Confirming Settlement does not accurately set forth the terms to which they agreed. Rather, the Corwins argue the merits of their underlying complaint, that they should be permitted to display a nativity scene in the building lobby during the Christmas holiday season. This claim was never adjudicated in District Court and is not properly before the Court.[1]

---

[1] To the extent the Corwins contend that the Order Confirming Settlement does not contain an agreed-upon provision requiring the apartment building manager to deal with them in a professional manner, paragraph nine of the Order contains such a provision.

3

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2]Appellants' motion for transcripts and motion for appointment of counsel are denied.