CASE:  CIVIL ACTION NO. 04-1499-GMS


PARTIES:  CORWIN V. B'NAI B'RITH ET AL



DATED: *Aug 6, 2007*


FROM: ISIDORE AND BONNIE CORWIN. PLAINTIFFS PRO SE
B'NAI B'RITH HOUSE
8000 SOCIETY DRIVE
APT. 608
CLAYMONT, DE 19703


TO: PETER T. DALLEO, CLERK
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE
844 NORTH KING STREET
LOCKBOX 18
WILMINGTON, DE 19801-3570

RECEIVED
AUG - 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE


DEAR CLERK OF THE COURT ,

    PLEASE FIND ENCLOSED, FOR FILING PURPOSES, **PLAINTIFFS' MOTION TO ENFORCE NOVEMBER 23, 2005 SETTLEMENT AGREEMENT,** WITH ATTACHED EXHIBITS (EXHIBIT A & F, REQUESTED "UNDER SEAL") AND ACCOMPANYING CERTIFICATE OF SERVICE TO THE OPPOSING COUNSEL.

    THANK YOU FOR YOUR ASSISTANCE.



SINCERELY,
ISIDORE AND BONNIE CORWIN, PRO SE
TELE/FAX 302-798-5116

## IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF DELAWARE

- - -

| | | |
|---|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN | : | |
| | : | |
| PLAINTIFFS, | : | CIVIL ACTION |
| | : | |
| V. | : | NO. 04-1499-GMS |
| | : | |
| | : | |
| B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., | : | |
| ET AL | : | |
| DEFENDANTS. | : | |

- - -

### CERTIFICATE OF SERVICE

WE, ISIDORE AND BONNIE CORWIN, PRO SE, DO HEREBY CERTIFY THAT ON _____ 8-6-- 07 _____ , WE CAUSED THE ORIGINAL AND (1) COPY OF THE FOREGOING **PLAINTIFFS' MOTION TO ENFORCE NOVEMBER 23, 2005 SETTLEMENT** TO BE FILED WITH THE CLERK OF THE COURT AND A COPY OF SUCH FILING WAS SERVED IN THE MANNER INDICATED UPON THE FOLLOWING PARTIES' COUNSEL OF RECORD:

BY FAX TO:
WILLIAMS & EDLESTEIN, P.C.
ATTORNEY STEPHEN J. EDELSTEIN
7742 SPALDING DRIVE, SUITE 478
NORCROSS, GEORGIA 30092
TELE 770-840-8483, EXT 206
FAX 770-840-9492
ADMITTED PRO HAC VICE
ATTORNEYS FOR DEFENDANTS

_____

BY: ISIDORE & BONNIE CORWIN, PRO SE
8608 SOCIETY DRIVE
CLAYMONT, DELAWARE 18703
PHONE/FAX: 302-798-5116

U.S. DISTRICT COURT

IN AND FOR

THE DISTRICT OF DELAWARE

-  -  -

| | | |
|---|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN | : | |
| | : | |
| PLAINTIFFS, | : | CIVIL ACTION |
| | : | NO. :04-1499 (GMS) |
| V. | : | |
| | : | |
| B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., | : | |
| AND LYNNE ROTAN | : | |
| | : | |
| DEFENDANTS. | : | |

-  -  -

## PLAINTIFFS' MOTION
### TO
## ENFORCE THE NOVEMBER 23, 2005 SETTLEMENT AGREEMENT

PLAINTIFFS HEREBY MOVE THE COURT TO ENFORCE THE SETTLEMENT AGREEMENT ENTERED INTO AMONG THE PARTIES ON NOVEMBER 23, 2005 (D.I.36) AND IN SUPPORT OF THIS MOTION, PLAINTIFFS STATE THE FOLLOWING:

### *I. PARTIES:*

THE NOVEMBER 23, 2005 SETTLEMENT AGREEMENT WAS BETWEEN PLAINTIFFS ISIDORE AND BONNIE CORWIN AND HOUSING DEFENDANTS B'NAI B'RITH SENIOR CITIZEN HOUSING, INC. AND DEFENDANT LYNNE ROTAN. THE NOVEMBER 23, 2005 SETTLEMENT AGREEMENT WAS ORDERED FINAL ON MARCH 31, 2006 (D.I.48), WHERE THE FINAL ORDER AT PARAGRAPH 1, READS:

> "THE PARTIES AND HAVING SETTLED THIS COMPLAINT ON NOVEMBER 23, 2005...D.I.36, AND ON JANUARY 25, 2006 AT THE STATUS HEARING HELD BEFORE THIS COURT, D.I.44, IT IS ORDERED THAT THE FOLLOWING SETTLEMENT BE, AND HEREBY IS, MADE A PART OF THE RECORD IN THIS CASE:"

### *II. JURISDICTION:*

1

THE JURISDICTION OF THE NOVEMBER 23, 2005 SETTLEMENT IS STATED IN THE MARCH 31, 2006 FINAL ORDER (D.I.48) ON PAGE 4, NO. 11, WHICH STATES:

> "THIS ACTION SHALL BE DISMISSED WITH PREJUDICE WITH THIS COURT TO RETAIN JURISDICTION ONLY AS TO THE ENFORCEMENT OF THE TERMS OF THIS ORDER."

### III. NOVEMBER 23, 2005 SETTLEMENT AGREEMENT:

THE NOVEMBER 23, 2005 SETTLEMENT (A MEDIATION CONFERENCE) WAS HELD WITH A MAGISTRATE JUDGE AND IS WHERE ALL PARTIES AGREED TO THE TERMS, INCLUDING THE TERMS OF TENANTS' THINGS HANGING ON TENANTS' BALCONIES AT THE SUBJECT FACILITY, THE B'NAI B'RITH HOUSE.

THE NOVEMBER 23, 2005 SETTLEMENT TERMS WERE TAKEN DOWN BY A COURT REPORTER, WITH A VERBAL AFFIRMATION BY ALL PARTIES AND THEIR COUNSELS AS TO THEIR EXPLICIT ACCEPTANCE OF THOSE TERMS, INCLUDING AGREED TERMS REGARDING TENANTS' THINGS HANGING ON TENANTS' BALCONIES, AND SUCH TRANSCRIBED TERMS WERE MADE APART OF THE RECORD (D.I.36).

UNDER THE STANDARD OF PROOF, IT IS CLEAR THAT THE PARTIES REACHED A VALID AND ENFORCEABLE SETTLEMENT (INCLUDING THE TRANSCRIBED PORTION OF THE 11/23/05 SETTLEMENT, REGARDING THE AGREED TERMS OF TENANTS' THINGS HANGING ON BALCONIES. (*SEALED EXHIBIT A*).

A SETTLEMENT AGREEMENT, VOLUNTARILY ENTERED INTO BY THE PARTIES, IS BINDING UPON THE PARTIES (SEE GREEN V. JOHN H. LEWIS & CO., 436 F. 2D 389, 390 (3D CIR. 1970)):

### IV. SEALED EXHIBIT A:

PLAINTIFFS DIRECT THE COURT TO SEALED EXHIBIT A, WHICH IS A COPY OF PAGE 7 AND PAGE 8 OF THE TRANSCRIBED NOVEMBER 23, 2005 SETTLEMENT AGREEMENT (D.I.36); AND REGARDING THE TERMS OF TENANTS' THINGS HANGING ON BALCONIES AT THE FACILITY.

### V. THE "HANGING ITEMS RULE" WORDING WITHIN SEALED EXHIBIT A:

THE TERM *"HANGING ITEMS RULE"* WITHIN SEALED EXHIBIT A, SPECIFICALLY AT PAGE 8, LINE 1 OF EXHIBIT A, REFERS TO DEFENDANTS' HOUSE RULE FOR TENANTS' BALCONIES AT THE FACILITY, BETTER DEFINED AT (D.I.28), "REPONSES OF B'NAI B'RITH SENIOR

2

HOUSING, INC. TO PLAINTIFFS' FIRST SET OF INTERROGATORIES", AT NO. 3, WHERE
DEFENDANTS STATE:

> "IN JUNE, 2004, THE RULE REGARDING BALCONIES WAS CLARIFIED TO PROHIBIT
> HANGING "ANYTHING ON YOUR BALCONY OR BALCONY WALLS", THIS INCLUDES WIND
> CHIMES, LAUNDRY, OR ANY OTHER ITEMS."

### VI. FACTS PRIOR TO THE NOVEMBER 23, 2005 SETTLEMENT:

ON APRIL 20, 2004, DEFENDANTS REQUESTED THE PLAINTIFFS TO REMOVE THEIR 7 ½"
CRUCIFIX FROM PLAINTIFFS' BALCONY WALL, WHILE HANGING ITEMS ON OTHER
TENANTS' BALCONIES WERE NOT REQUIRED TO BE REMOVED BY DEFENDANTS.
SUBSEQUENT TO DEFENDANTS' 4/20/04 NOTICE TO PLAINTIFFS TO REMOVE THEIR
CRUCIFIX, PLAINTIFFS FILED SUIT IN A HOUSING DISCRIMINATION ACTION AT YOUR
COURT, WHERE A MEDIATION CONFERENCE WAS SCHEDULED.

TWO MONTHS PRIOR TO MEDIATION SCHEDULED FOR NOVEMBER 23, 2005, DURING
DISCOVERY, IN "PLAINTIFFS ANSWERS TO DEFENDANTS' FIRST SET OF
INTERROGATORIES" (D.I.29), AT NO. 8, PLAINTIFFS SUBMITTED LISTINGS OF OTHER
TENANTS' BALCONY HANGINGS AT THE FACILITY:

| | |
|---|---|
| HANGING CHIME | APT 105 |
| HANGING CHIME | APT 107 |
| HANGING WALL THERMOMETER | APT 112 |
| HANGING AMERICAN FLAG | APT 114 |
| HANGING PINWHEEL | APT 121 |
| HANGING UMBRELLA | APT 127 |
| HANGING UMBRELLA | APT 221 |
| HANGING CHRISTMAS LIGHTS | APT 224 |
| HANGING CHIME | APT 316 |
| HANGING PLANTS | APT 317 |
| HANGING PLANTER | APT 417 |
| HANGING FLOWER BOX | APT 502 |
| HANGING PLANTER | APT 506 |
| HANGING THERMOMETER &  COPPER BELL | APT 519 |
| HANGING CHRISTMAS LIGHTS | APT 607 |
| HANGING WALL HOOK | APT 612 |
| HANGING AMERICAN FLAG | APT 714 |
| HANGING FLOWER BOX | APT 730 |

ONE MONTH PRIOR TO MEDIATION, IN "PLAINTIFFS RESPONSE TO DEFENDANTS' FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS (D.I.33), PLAINTIFFS SUBMITTED COPIES OF
PHOTOS OF OTHER TENANTS' BALCONY HANGINGS AT THE FACILITY:

3

| | | |
|---|---|---|
| WIND CHIME | APT 105 | (P.79) |
| WIND CHIME | APT 107 | (P.79) |
| THERMOMETER | APT 112 | (P.05) |
| PINWHEEL | APT 121 | (P.83) |
| UMBRELLA | APT 123 | (P.85) |
| UMBRELLA | APT 127 | (P.85) |
| UMBRELLA | APT 221 | (P.82) |
| CHRISTMAS LIGHTS | APT 224 | (P.84) |
| WIND CHIME | APT 316 | (P.87) |
| PLANTS | APT 324 | (P.86) |
| PLANTS | APT 417 | (P.88) |
| BELL & A THERMOMETER | APT 519 | (P.90) |
| WALL HOOK | APT 612 | (P.91) |
| LARGE AMERICAN FLAG | APT 714 | (P.92) |
| FLOWER BOX | APT 730 | (P104) |

THREE WEEKS PRIOR TO MEDIATION, IN THE DEPOSITION OF DEFENDANT ROTAN (D.I.31),
PLAINTIFFS' COUNSEL QUESTIONED THE DEFENDANT REGARDING THE COPIES OF
PHOTOS OF OTHER TENANTS' BALCONY HANGINGS AT THE FACILITY:

| | | |
|---|---|---|
| *(P-24)* | WIND CHIME | APT 105 |
| *(P-02)* | WIND CHIME | APT 107 |
| *(P-03)* | THERMOMETER | APT 112 |
| *(P-05)* | PINWHEEL | APT 121 |
| *(P-05)* | UMBRELLA | APT 221 |
| *(P-06)* | CHRISTMAS LIGHTS | APT 224 |
| *(P-07)* | PLANTS | APT 317 |
| *(P-09)* | PLANTERS | APT 417 |
| *(P-11)* | FLOWER BOXES | APT 506 |
| *(P-12)* | THERMOMETER | APT 519 |
| *(P-13)* | CHRISTMAS LIGHTS | APT 607 |
| *(P-15)* | OUTDOOR THERMOMETER | APT 608 |
| *(P-17)* | AMERICAN FLAG | APT 714 |
| *(P-18)* | FLOWER BOX | APT 730 |
| *(P-93)* | WREATHE | APT 714 |

### *VII. FACTS POST FINAL ORDER CONFIRMING NOVEMBER 23, 2005 SETTLEMENT:*

1. POST THE NOVEMBER 23, 2005 MEDIATION CONFERENCE (D.I.36) WITH THE FINAL
ORDER OF MARCH 31, 2006 (D.I.48), ON OR ABOUT MAY 1, 2006, THE DEFENDANTS AND
THEIR MANAGEMENT COMPANY, SPM, INC., IN AN ALLEGEDLY LESS THAN HONEST ACT,
ISSUED REVISED HOUSE RULES TO *ALL* TENANTS, *BUT* WHERE THE DEFENDANTS
REQUIRED *ALL* TENANTS TO SIGN A STATEMENT ON PAGE 15 OF THE RULES, WHICH
INCLUDES THAT *EACH AND EVERY* TENANT, *IRRESPECTIVE* OF SETTLEMENT AT PAGE 7 & 8,
ADHERE TO ALL HOUSE RULES (INCLUDING THE "HANGING ITEMS RULE"), THE
STATEMENT READING: *(EXHIBIT B)*.                                                    4

"(WE) THE UNDERSIGNED, DO UNDERSTAND THE ABOVE CONDITIONS …A PART OF THE
LEASE AGREEMENT AND ALSO UNDERSTAND THAT ANY VIOLATION OF THE RULES AND
REGULATIONS IS A VIOLATION OF THE LEASE AGREEMENT, AND AGREE TO ABIDE BY
THESE CONDITIONS AS LONG AS (WE) RESIDE IN THE APARTMENT."

2. ON OR ABOUT SEPTEMBER 15, 2006, DEFENDANT ROTAN ISSUED A NOTICE TO *ALL*
TENANTS, (*IRRESPECTIVE* OF PAGE 7 & 8 OF SETTLEMENT WHERE NO BALCONY ITEM IS
TO BE REMOVED AS OF THAT DATE), THAT "…*WE (DEFENDANTS) CANNOT ALLOW FLAGS
OR ANY OTHER HANGING ITEMS ON (ALL) BALCONIES…REMOVE THEIR FLAGS PROMPTLY*".
*(EXHIBIT C)*.

3. ON OR ABOUT SEPTEMBER 18, 2006, DEFENDANT ROTAN ISSUED A NOTICE TO *ALL*
TENANTS, (*IRRESPECTIVE* OF PAGE 7 & 8 OF SETTLEMENT WHERE NO BALCONY ITEM IS
TO BE REMOVED AS OF THAT DATE), STATING *"THIS MEANS YOU CANNOT HANG FLAGS ON
THE BALCONY…".(EXHIBIT D)*.

4. ON OR ABOUT DECEMBER 7, 2006, DEFENDANT ROTAN ISSUED A NOTICE TO *ALL*
TENANTS, (*IRRESPECTIVE* OF PAGE 7 & 8 OF SETTLEMENT WHERE NO BALCONY ITEM IS
TO BE REMOVED AS OF THAT DATE), STATING *"TENANTS ARE REMINDED THAT THEY ARE
NOT PERMITTED TO HANG ITEMS ON (ALL) THEIR BALCONIES". (EXHIBIT E)*.

5. ON OR ABOUT MARCH 15, 2007, IN RELATED CASE, NO. :07-152 (JJF), THE SAME
DEFENDANTS, IN "DEFENDANTS' MOTION TO DISMISS" (D.I.7),  STATE, AS WELL, THAT
DEFENDANTS TOOK NO IMMEDIATE ACTION IN REQUESTING (PLAINTIFFS) TO REMOVE
THE AMERICAN FLAG HANGING ON (PLAINTIFFS') BALCONY (*IRRESPECTIVE* OF PAGE 7 & 8
OF CIVIL ACTION NO. :04-1499 (GMS) SETTLEMENT WHERE *NO* BALCONY ITEM *IS TO BE
REMOVED* AS OF THAT DATE), DEFENDANTS' STATING IN THE MOTION:

"FOLLOWING DEFENDANTS' REMOVAL OF (THEIR OWN) AMERICAN FLAG FROM THE
TENANTS' BALCONIES, PLAINTIFFS PLACED THEIR OWN 3' X 5' AMERICAN  FLAG ON THEIR
BALCONY WALL. DEFENDANTS TOOK NO IMMEDIATE ACTION TO *REMOVE* PLAINTIFFS'
FLAG AT THAT TIME." (D.I.7, NO. 6). (EMPHASIS ADDED).

6. ON JUNE 28, 2007, PLAINTIFFS SUBMITTED A HAND-CARRIED LETTER TO THE
DEFENDANTS (ENVELOPED ADDRESSED TO DEFENDANT ROTAN, OR HER COUNSEL, OR
HER EMPLOYER), WHERE PLAINTIFFS REQUESTED TO CONTINUE TO HANG THEIR FLAG
ON THEIR BALCONY, *ACCORDING TO* PAGE 7 & 8 OF NOVEMBER 23, 2005 SETTLEMENT
WHERE NO BALCONY ITEM IS TO BE REMOVED AS OF THAT DATE). *(SEALED EXHIBIT F)*.

7. ON OR ABOUT JULY 18, 2007, IN A PLAINTIFF'S TELEPHONE INQUIRY WITH DEFENDANT

5

ROTAN, ASKING WHY THE DEFENDANT/S HAD NOT GIVEN REPLY TO PLAINTIFFS'
AFOREMENTIONED REQUEST, DEFENDANT ROTAN STATED THAT SHE WAS ON VACATION
(UNTIL JULY 9, 2007) AND CONSIDERED PLAINTIFFS' JUNE 28, 2007 REQUEST MOOT.  WHEN
PLAINTIFFS ASKED THE DEFENDANT IF SHE WOULD RESPOND TO THE REQUEST IN
GENERAL, DEFENDANT ROTAN REFUSED, STATING FURTHER THAT THE DEFENDANT WAS
NOT THE ONE WHO MAKES THE DECISIONS.

### *VIII. LEGAL ARGUMENT:*

PLAINTIFFS BELIEVE THEY ARE WITHIN THE BOUNDARIES OF THE NOVEMBER 23, 2005
SETTLEMENT IN FILING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT.

AT *SEALED EXHIBIT'S A & F*, THE LANGUAGE REGARDING THE PORTION OF THE
NOVEMBER 23, 2005 SETTLEMENT, PARTICULARLY WITH THE CONTINUATION OF
TENANTS' THINGS HANGING ON BALCONIES, AS OF THAT DATE, IS CLEAR.

IN ANALYZING THE FACTS AND KNOWLEDGE OF THE NOVEMBER 23, 2005 SETTLEMENT
TERMS AT EXHIBIT "A", PLAINTIFFS ALLEGE DEFENDANTS HAVE EASILY BRUSHED ASIDE
THE TENANTS' BALCONY HANGINGS' CONTINUATION TERMS AT THE FACILITY.

PLAINTIFFS ALLEGE DEFENDANTS *DO NOT WANT* CERTAIN TENANTS AT THE HOUSING
FACILITY TO CONTINUE HANGING CERTAIN BALCONY ITEMS (PER NOVEMBER 23, 2005
SETTLEMENT) AND AS A "CONTROL TACTIC", EVIDENCED BY DEFENDANTS' RIGOROUS
2006-2007 CRITERIA LEASE REQUIREMENTS FOR *ALL* TENANTS, *IRRESPECTIVE* OF PAGE 7 &
8 OF SETTLEMENT WHERE NO ITEM IS TO BE REMOVED AS OF THAT DATE), AS APART OF
THE 2006-2006 LEASE. (EXHIBIT B).

WITHOUT THE ENFORCEMENT OF THE NOVEMBER 23, 2005 SETTLEMENT BY
YOUR COURT, PLAINTIFFS AND OTHER TENANTS AT THE HOUSING FACILITY WILL
CONTINUE TO BE ADVERSELY AFFECTED BY THE NOW OBVIOUS "CRACK" IN THE
FOUNDATION OF THE NOVEMBER 23, 2005 SETTLEMENT AND IN LOOSING IMPORTANT
BENEFITS FROM THE NOVEMBER 23, 2005 SETTLEMENT WITH REGARD NO ITEM IS TO BE
REMOVED AS OF THAT DATE FROM TENANTS' BALCONIES.

MOREOVER, A DENIAL OF PLAINTIFFS' MOTION TO ENFORCE THE NOVEMBER 23, 2005
SETTLEMENT, PLAINTIFFS BELIEVE WOULD BE TO A LOSS TO THE INTEGRITY OF THE
COURT AT HAND.

### IX. PRAYER FOR RELIEF

SURROUNDED WITH THE PROTECTION OF THE NOVEMBER 23, 2005 SETTLEMENT, PLAINTIFFS RESPECTFULLY SEEK THE COURT, BY ITS GENERAL LEGAL AND EQUITABLE POWERS, TO ENFORCE THE NOVEMBER 23, 2005 SETTLEMENT (SEE SUPP. 2D 357 (D. DEL. 2001)), AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY, IN RESPECT TO *SEALED EXHIBIT A*, AND BY ENFORCING THE TERMS SETTLEMENT, WHERE NO ITEM IS TO BE REMOVED ON BALCONIES AS OF THAT DATE .

ADDITIONALLY, PLAINTIFFS RESPECTFULLY SEEK THE COURT, BY ITS GENERAL LEGAL AND EQUITABLE POWERS, TO AWARD PLAINTIFFS' PRO SE OUT-OF-POCKET EXPENSES IN THE NOW NECESSARY MOTION TO ENFORCE THE NOVEMBER 23, 2005 SETTLEMENT; SUCH EXPENSES TO BE REIMBURSED BY THE DEFENDANTS.

RESPECTFULLY SUBMITTED,

_____

ISIDORE CORWIN, PLAINTIFF PRO SE
B'NAI B'RITH HOUSE
APT 608
CLAYMONT, DE 19703-1749
PHONE/FAX 302-798-5116

_____

BONNIE CORWIN, PLAINTIFF PRO SE
B'NAI B'RITH HOUSE
APT 608
CLAYMONT, DE 19703-1749
PHONE/FAX 302-798-5116

DATED _____August 6, 2007_____

ATTACHMENTS:  EXHIBITS A & F (SEALED). EXHIBITS B-E (OPEN).

7